[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the Motion for Summary Judgment filed by the defendant, Strathmore Farms Development Corporation (hereinafter "The Corporation"). The corporation moves for summary judgment on the grounds that Count Three of the plaintiffs' Amended Complaint is barred by the applicable statute of limitations. In support of its motion the corporation filed a memorandum and various exhibits. The plaintiffs, Anthony and Ramona Perrelli filed an Objection to the Defendant's Motion for Summary Judgment, to which the corporation filed a Reply. Finally, the plaintiffs filed a Request to File An Addendum to Plaintiffs' Objection, to which the defendant objected. The court considered all of these in deciding the motion.
In 1985 the corporation created the development known as "the Strathmore Farms Associations" (hereinafter "the Association"). The corporation also appointed the initial members to the Board CT Page 1774 of Directors of the Association. On January 1, 1991, the defendant corporation relinquished control of the Association and maintained no control, governance or management of it after that date, although it remained apart of the Association as an owner of units[1]. The plaintiffs purchased a unit within the condominium development on November 12, 1993 from the defendant corporation. Before and after the purchase, the plaintiffs claim to have learned of improper conduct by the Association and its Board of Directors. Additionally, the plaintiffs claim that the defendant corporation violated its duty to them by failing to alter the conduct of the Board and the Association (Count Three) and by failing to live up to its warranty that the unit was properly constructed (Count Four).[2] The plaintiffs have brought this action against numerous defendants, including the corporation,[3] alleging various violations resulting from the conduct of the corporation, the condominium association, and the Association's Board of Directors.
Interestingly, there is no dispute over the material facts at issue relating to this motion. The parties both agree that the defendant corporation relinquished control of the Association on January 1, 1991. Both parties agree that the corporation sold a unit to the plaintiff on November 12, 1993. There is no dispute that the action was originally filed by a writ dated August 12, 1996. The complaint has subsequently been amended numerous times. The most recent amendment, the one to which this court refers, is dated November 3, 1998.
Count Three of the Amended Complaint alleges that the corporation filed a Declaration with the Town Clerk of Madison to create the development. In Count Three, the plaintiff also claims that the defendant corporation made various representations to them about the unit and the development. Finally, the plaintiff alleges in Count Three that the defendant corporation knew or should have known of the failures and neglect of the Association which it "formed, controlled, or was a part of . . ." Amended Complaint, Count Three, paragraph 5.
ARGUMENTS OF THE PARTIES
The defendant corporation argues that because Count Three is governed by, either Connecticut General Statute § 52-584 or § 52-577, this action is time barred because it relinquished control of the Association in 1991. The plaintiffs counter that the defendant corporation owes them a continuing duty as both the CT Page 1775 developer and the declarant. The plaintiffs also claim that because the defendant sold them their unit in 1993, the action, including Count Three, is timely.
ISSUES IN DISPUTE
Whether the plaintiffs may maintain a cause of action against the defendant corporation arising out of the conduct or misconduct of the Association when the uncontested facts are that the defendant corporation relinquished control over that Association more than three years before the action was brought. For reasons more fully set forth below, this court holds that the claims made in Count Three of the plaintiffs' complaint are barred by the applicable statute of limitations.
DISCUSSION
Notwithstanding the arguments of the plaintiffs to the contrary, the acts of the Association for which the defendant corporation would be liable are those which occurred prior to January 1, 1991. On that date, the corporation ceased to have legal responsibility for the Association because it relinquished its control over the Association. Count Three is specifically pled to refer to the entity that controlled the actions of the Association. That entity is not the defendant corporation.
 "Beginning on or about January 1, 1991, the Developer/Declarant knew or should have known that the ASSOCIATION which it formed, controlled, or was part of, failed, neglected and refused to govern, maintain and manage Strathmore Farms as a planned unit development, and in violation of the Common Interest Ownership Act (47-200 et seq.), Declaration (ART. VI), and Bylaws, (ART. II) Specifically, the ASSOCIATION assessed the Plaintiff for the cost of repairs and maintenance to units other than their own and for limited common elements that benefitted [benefited] fewer than all unit owners in the following ways . . ."
Complaint, Count Three, paragraph 5.
The plaintiffs argue that the defendant corporation is liable to them under a legal theory that is not pled in the complaint. In their briefs, the plaintiffs devote an enormous amount of time to arguing the merits of their claims of violations of the Common Interest Ownership Act by the defendant corporation. Unfortunately, these claims are not the ones asserted in the CT Page 1776 complaint. There is a reference to a "violation of the Common Interest Ownership Act" in paragraph 5 of the Complaint. But that allegation is directed to the Association and/or its controller.
Additionally, the plaintiffs want for this court to hold the defendant corporation liable for actions which are irrelevant to their central claim in Count Three. The plaintiffs want this court to extend the liability of the defendant corporation because it continued to be a part of the Association and because it sold the unit to the plaintiff, making certain representations, namely, that "[the] unit [which was sold by the defendant corporation to the plaintiffs] was a unit within a single family cluster development within a common interest community." Complaint, Count Three, paragraph 4.
The undisputed facts support the conclusion that the defendant corporation did not maintain control over the Association after January 1, 1991. Even the plaintiffs acknowledge this. In their brief they write: "although the Defendant was not in total control, the undeniable fact remains that as the Declarant, the Defendant is held accountable to the provisions set forth in the Common Interest Ownership Act as so stated in C.G.S., section47-278." Objection to defendant's Motion for Summary Judgment, dated August 10, 1999, p. 3. Even if, as declarant, the defendant corporation could be held liable to the plaintiffs under such a theory, that is not the claim made in the third count of the complaint. The defendant corporation persuasively argues that "[t]he plaintiffs [are] attempt[ing] to circumvent the three year statute of limitations period by raising new allegations in their objection which were not originally pled nor have any bearing on this cause of action." Reply Memorandum of Law in Support of Motion for Summary Judgment Dated August 4, 1999, dated September 8, 1999, p. 2.
The gravamen of the claim in Count Three of the Complaint is that the defendant corporation improperly formed, controlled, or managed the Association which committed acts in violation of the Common Interest Ownership Act beginning on or about January 1, 1991. The uncontroverted evidence is that, while the defendant corporation did have control over, and management of the Association before January 1, 1991, such dominion ceased on January 1, 1991. Therefore, because this action was commenced more than 3 years from the date it relinquished control of the Association, Count Three is barred by the applicable statute of limitation. CT Page 1777
In their Memorandum of Law in Support of Objection to Defendant's Motion for Summary Judgment, dated September 13, 1999, the plaintiffs assert the argument that the statute of limitations was tolled because the defendant corporation fraudulently concealed material facts. The plaintiffs have never pled fraudulent concealment. Accordingly, this court rejects this argument.
Angela Carol Robinson Judge